J-S70043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JESUS M. GARCIA | : | |
| | : | |
| Appellant | : | No. 1241 MDA 2017 |

Appeal from the Order Entered July 24, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0000829-2008

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 12, 2017**

Jesus M. Garcia appeals *pro se* the order entered July 24, 2017, in the Court of Common Pleas of Lebanon County, that denied his "Petition to Cease Act 84 Deductions."[1]  Garcia claims, "[T]he court committed an error of law in dismissing the petition to cease Act 84 deduction[s], where [Garcia] requested [] a hearing.  [Garcia] was not given the opportunity in accordance

---

[1]  As will be discussed more fully below, the trial court concluded the Commonwealth Court has original jurisdiction over petitions to stop the Department of Corrections from making Act 84 deductions, and that it did not have jurisdiction to grant the relief Garcia requested.  *Id.* at 2-3.

However, by denying Garcia's motion instead of transferring the matter to the Commonwealth Court, pursuant to 42 Pa.C.S. § 5103, the trial court entered a final, appealable order over which this Court has appellate jurisdiction.  *See Commonwealth v. Danysh*, 833 A.2d 151 (Pa. Super. 2003) (Superior Court has jurisdiction to vacate common pleas court's improper denial of Act 84 injunction petition).

with due process to make arguments why the deductions should not be made." Garcia's Brief at 4. Based upon the following, we affirm, albeit on different grounds than those relied on by the trial court.

The facts underlying this case are discussed in this Court's decision addressing Garcia's direct appeal. *See Commonwealth v. Garcia*, 990 A.2d 43 [437 MDA 2009] (Pa. Super. 2009) (unpublished memorandum). Furthermore, the procedural history is fully set out in the trial court's opinion issued in connection with this appeal. *See* Trial Court Opinion, 8/18/2017, at 1–4. Therefore, we simply state that this Court, on February 18, 2014, affirmed the denial of Garcia's first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *Commonwealth v. Garcia*, 97 A.3d 804 [671 MDA 2013] (Pa. Super. 2014), *appeal denied*, 99 A.3d 924 (Pa. 2014). On January 29, 2016, this Court affirmed the dismissal of Garcia's second PCRA petition as untimely. *Commonwealth v. Garcia*, 136 A.3d 1041 (Pa. Super. 2016).

Garcia asserts that Department of Corrections (DOC) officials are deducting a 20% share from his inmate account for fines, costs and restitution, and that the deductions were not ordered at sentencing, but occurred later and without affording Garcia a hearing on the issue.

The trial court, on July 25, 2017, denied Garcia's Petition to Cease Act 84 Deductions, reasoning that "[a]ny complaint [Garcia] now has with deduction of fines, costs and restitution must be submitted to the State Bureau

of Corrections or the State Board of Probation and Parole." Order, 7/25/2017 at 2.

In support of its order, the trial court cites **Commonwealth v. Danysh**, 833 A.2d 151 (Pa. Super. 2003). **See** Trial Court Opinion, 8/18/2017, at 5–6. In **Danysh**, this Court held the trial court lacked subject matter jurisdiction over the defendant's motion to stop Act 84 deductions because the claim was in reality a civil action against the DOC. **Danysh**, 833 A.2d at 153. This Court explained that the Commonwealth Court had exclusive original jurisdiction of such claim pursuant to 42 Pa.C.S. § 761(a). **Id**. at 152–153**.**

We agree with the trial court that generally an inmate's Act 84 motion lies within the exclusive original jurisdiction of the Commonwealth Court. **Danysh, supra**. Here, however, Garcia's petition implicitly raises a legality of sentencing issue, based on Garcia's assertion that the trial court failed to assess whether he could pay his fines and costs. **See Commonwealth v. Boyd**, 73 A.3d 1269, 1270 (Pa. Super. 2013) (*en banc*) (claim that sentencing court failed to consider defendant's ability to pay before imposing fines implicates legality of sentence). Therefore, because the PCRA, encompasses challenges to the legality of sentence, 42 Pa.C.S. § 9543(a)(2)(vii), Garcia's Petition to Cease Act 84 Deductions should be construed as a PCRA petition.

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). A PCRA petition must be filed within one year of the date the judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1). This Court previously determined Garcia's

- 3 -

judgment of sentence became final on July 9, 2012, and he had until July 9, 2013, to file a timely PCRA petition. *See Commonwealth v. Garcia*, 136 A.3d 1041 (Pa. Super. 2016) (unpublished memorandum). As such, Garcia's present petition, filed *pro se* July 3, 2017, is patently untimely under the PCRA.

We recognize there are three statutory exceptions to the PCRA's timeliness provisions that allow for limited circumstances under which an otherwise untimely PCRA petition may be reviewed, namely, where there is governmental interference, newly discovered evidence, or a new constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). *See also* 42 Pa.C.S. § 9545(b)(2) (requiring petitioner invoking an exception to file a petition within 60 days of the date the claim could have been presented.) However, Garcia's petition does not implicate any of the PCRA's statutory exceptions. Consequently, the trial court lacked jurisdiction under the PCRA to entertain Garcia's petition.

While an illegal sentence claim can never be waived, a court must still have jurisdiction to review an illegal sentence claim. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Here, we have concluded there is no jurisdiction as the present petition is untimely under the PCRA, and no statutory exception applies. Accordingly, for different reasons, we affirm the order of the trial court. *See Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012) ("This Court is not bound by the rationale of the trial court and may affirm on any basis." (citation omitted)).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017