## COMMONWEALTH of Pennsylvania, Appellee,

v.

## Kurt M. DANYSH, Appellant.

Superior Court of Pennsylvania.

Submitted April 14, 2003.

Filed Sept. 17, 2003.

Kurt M. Danysh, appellant, pro se.

Jason J. Legg, Asst. Dist. Atty., Montrose, for Com., appellee.

BEFORE: JOYCE and KLEIN, JJ. and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 This is an appeal from an order denying Kurt M. Danysh's petition to stop

---

deducting 20% of all income to his inmate account. Because the court of common pleas lacked subject matter jurisdiction, we vacate its order.

¶ 2 On October 9, 1997, Danysh pled guilty to third-degree murder and robbery. He was subsequently sentenced to a total of 22 ½ to 60 years in prison and ordered to pay costs and fines. No restitution was ordered.

¶ 3 After he was incarcerated, on July 9, 2002, Danysh was advised that the Department of Corrections ("DOC") was going to start deducting 20% of his in-prison earnings from his inmate account to pay the costs and fines. *See* 42 Pa.C.S.A. § 9728(b)(5) (commonly referred to as "Act 84"). To stop the deductions, Danysh filed a motion in the Court of Common Pleas of Susquehanna County. Stating that "[w]e deem twenty per cent (20%) of Danysh's prison earnings to be a reasonable amount," the trial court denied the motion on its merits.

¶ 4 However, the court of common pleas lacked subject matter jurisdiction over the petition. We have properly raised the question of subject matter jurisdiction *sua sponte*, since if the court below lacked subject matter jurisdiction, its order is void.[1] *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270, 272 (1974).

¶ 5 The courts of common pleas generally enjoy plenary original jurisdiction. Their jurisdiction is founded on Article 5, section 5(b) of the Pennsylvania Constitution. Section 5(b) provides them with "unlimited original jurisdiction in all cases except as provided by law." Pa. Const. Art. 5, § 5(b). This broad grant is mirrored in the jurisdictional statute, which similarly grants them unlimited original jurisdiction except where jurisdiction has been placed in another Pennsylvania court. *See* 42 Pa. C.S.A. § 931.[2] This exception governs this case. The General Assembly has vested original jurisdiction over civil actions against the Commonwealth government in the Commonwealth Court.

¶ 6 The Commonwealth Court possesses both original and appellate jurisdiction. Its original jurisdiction is invoked in various classes of cases; relevant here is its original jurisdiction over civil suits against statewide governmental actors.[3] *See* 42

---

**1.** *Although the court of common pleas lacked subject matter jurisdiction, we have appellate jurisdiction since this is an appeal from a final order. Our appellate jurisdiction is properly from final orders, see* Pa.R.A.P. 341(a), *and even though the common pleas court lacked jurisdiction, its order was still final because it "dispose[d] of all claims and of all parties."* Pa.R.A.P. 341(b)(1). *This situation is akin to where the common pleas court has properly sustained preliminary objections to subject matter jurisdiction. An appeal to this Court is proper even though the lower court lacked subject matter jurisdiction, since otherwise, we could never (at least theoretically) review such an order. See Aronson v. Sprint Spectrum, L.P.,* 767 A.2d 564 (Pa.Super.2001) *(affirming order sustaining preliminary objections to subject matter jurisdiction without questioning our appellate jurisdiction).*

**2.** Section 931 states:

Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas.

42 Pa.C.S.A. § 931.

**3.** The statute creating its original jurisdiction provides in relevant part:

(a) General rule. The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting his official capacity, except:

(i) actions or proceedings in the nature of applications for a writ of habeas cor-

Pa.C.S.A. § 761(a); *see, e.g., Harvey v. Department of Corrections,* 823 A.2d 1106 (Pa.Cmwlth.2003) (exerting original jurisdiction over petition for review seeking injunction against DOC to stop Act 84 deductions).

¶ 7 Danysh's petition falls within section 761(a)'s definition of a "civil action." Although Danysh did not demand any specific form of relief in his motion, we read his petition as seeking appropriate relief. The obvious point was to make DOC stop taking money out of his inmate account. That goal would have traditionally been achieved by a petition for an injunction, a petition for a writ of mandamus, or a petition for a writ of certiorari. Those forms of relief are properly sought in modern Pennsylvania practice via a petition for review of governmental action. *See* Pa. R.A.P. 1502 and 1561; 1 G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers, Kristen W. Brown, *Pennsylvania Appellate Practice 2d* § 1501:1 (2d ed.2002); *see also Harvey.*

¶ 8 While our rules of procedure distinguish between civil actions, actions in equity, actions in mandamus, and petitions for review of governmental determinations, *see* Pa.R.C.P. 1001, 1091, 1501, and Pa. R.A.P. 1511, for purposes of jurisdiction, all of these are nonetheless civil. In this context, "civil action" simply means "as opposed to criminal actions." *See State Board of Dentistry v. Weltman,* 168 Pa. Cmwlth. 197, 649 A.2d 478, 479 (1994) (holding court of common pleas lacked subject matter jurisdiction to grant injunction against agency with statewide authority). No matter which category we put Danysh's petition in, he has instituted a civil action within the meaning of section 761(a).

¶ 9 In addition, Danysh's civil action is against the Commonwealth government, as DOC falls within the jurisdictional statute's definition of that term. *Id.* DOC is an administrative agency within the Executive Branch, *see* 71 P.S. § 61 (creating DOC among other executive departments), and possesses authority to operate the State Correctional Institutions throughout the state. *See* 71 P.S. §§ 310-0, 310-1. As operator of the State Correctional Institutions, it has a wide range of responsibilities relating to the care and treatment of inmates and management of the state prisons. *See, e.g.,* 42 Pa.C.S.A. § 9718.1 (relating to developing treatment for sexual offenders), 42 Pa.C.S.A. § 9721 (giving DOC ultimate decision whether offender will be accepted to boot camp); 61 P.S. § 390.301 (authorizing DOC to lease or purchase three 1,000-cell prisons, two of which may be "anywhere in this Commonwealth"). Since DOC effectuates policy decisions throughout Pennsylvania, Danysh's claim against DOC "is an action against the Commonwealth government for the purposes of determining [Commonwealth Court's] original jurisdiction." *Weltman,* 649 A.2d at 479.

¶ 10 Therefore, Danysh should have brought his petition as a petition for review of a governmental determination under Commonwealth Court's original jurisdiction.[4] *See* Pa.R.A.P. 1501–1561.

pus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;
 (ii) eminent domain proceedings;
 (iii) actions on claims in which immunity has been waived pursuant to Chapter 85 (relating to matters affecting government units) or the act of May 20, 1937

(P.L. 728, No. 193), referred to as the Board of Claims Act; and
 (iv) actions or proceedings in trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity.
42 Pa.C.S.A. § 761(a).

4. We are informed that when filing an Act 84 petition in Commonwealth Court, the inmate

Because Commonwealth Court had exclusive original jurisdiction, the court of common pleas lacked subject matter jurisdiction and its order was void.

¶ 11 Our decision in *Commonwealth v. Baker*, 782 A.2d 584 (Pa.Super.2001), is not to the contrary. In that case, although observing that "[t]he proceeding instituted by Baker is a civil action which should be pursued in the Commonwealth Court," we nonetheless disposed of the appeal in the interest of efficiency. 782 A.2d at 585. That does not contradict our holding that the Common Pleas court lacked jurisdiction, and in fact seems to agree with it. Similarly, *Commonwealth v. Fleming*, 804 A.2d 669 (Pa.Super.2002) does not require a different result. In that case, we heard an appeal from orders enforcing the fines, costs, and restitution included in his judgment of sentence. Here, the lower court was faced with a challenge to DOC's actions affecting his inmate account, which belonged in Commonwealth Court. *Id.* at 670 n. 3.

¶ 12 We observe that in a limited class of cases, a defendant would properly seek the relief Danysh wanted in common pleas court. This situation would occur where the defendant was in a county prison. Because the county authorities would not have statewide jurisdiction, the matter would fall outside Commonwealth Court's jurisdiction. That would leave it squarely within the courts of common pleas' original jurisdiction.

¶ 13 Whether by inadvertence or design, the statutes clearly spell out a different procedure where the defendant is incarcerated in a county facility. The General Assembly, as one of the democratic branches of government, has established the courts' respective jurisdictions and we cannot modify its scheme, once properly established.

¶ 14 In this case, the court of common pleas lacked subject matter jurisdiction because Commonwealth Court had exclusive jurisdiction over Danysh's petition. His petition would have been properly brought as a petition for review of a governmental determination within Commonwealth Court's original jurisdiction. Because the common pleas court did not have jurisdiction, we vacate its order.

¶ 15 Order vacated. Jurisdiction relinquished.

should name either the Commonwealth or the Secretary of the Department of Corrections as respondent. Otherwise, the Commonwealth Court may dismiss the petition for naming the improper party. If a petition that belongs in Commonwealth Court is improperly filed in common pleas court, so long as the inmate has named the proper respondent, the lower court should transfer the matter to Commonwealth Court. *See* 42 Pa.C.S.A. 5103(a). If the inmate has named the wrong respondent, the common pleas court should not immediately transfer or dismiss the matter. Rather, in the interest of judicial economy and substantial justice, the court should direct the inmate to correct the caption and then transfer the matter to the correct court.