J-S14025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC DEBOOTH | |
| Appellant | No. 798 MDA 2015 |

Appeal from the PCRA Order April 21, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003129-2011

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 07, 2016**

Appellant, Eric DeBooth, appeals from the order entered April 21, 2015, in the Court of Common Pleas of Berks County, which denied his petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). We affirm.

On October 21, 2013, Appellant entered a guilty plea to third degree murder. That same day the trial court sentenced Appellant to 9½ to 20 years in prison. Appellant did not file a direct appeal. On April 16, 2014, Appellant filed a *pro se* "Motion to Cease and Desist" which sought to enjoin the Department of Corrections from deducting 20% of his earnings from his

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

inmate account to pay for fines and costs (so called "ACT 84" deductions).[2] The trial court denied Appellant's motion on May 6, 2014.

On February 21, 2015, Appellant filed *pro se* an "Initiation of Petitioner's First P.C.R.A. Pursuant to Pa.R.Cri.Pro. 901," which again requested that the Department of Corrections be enjoined from deducting money from his inmate account. On April 17, 2015, the PCRA court denied Appellant's petition. Appellant filed a timely *pro se* appeal. On July 17, 2015, this Court issued a per curiam order directing the PCRA court to either appoint counsel for Appellant or permit him to proceed *pro se*. Following a hearing, the PCRA court appointed counsel to represent Appellant. Appointed counsel, Lara Glenn Hoffert, Esquire, did not file an amended PCRA petition and relied upon Appellant's *pro se* Concise Statement of Errors on Appeal in the appellate brief prepared in this matter.

Appellant raises the following issues for our review.

A. Whether the PCRA [c]ourt erred in dismissing Appellant's *pro se* PCRA [p]etition where [Appellant's] sentence is illegal as fines, costs, and restitution were imposed out of court?

B. Whether the PCRA [c]ourt erred in dismissing Appellant's *pro se* PCRA [p]etition where the PCRA [c]ourt did not provide Appellant with appointed counsel for his first PCRA [p]etition?

C. Whether Appellant's plea counsel was ineffective for failing to advise Appellant that he would be subjected to the imposition of fines, costs, and restitution?

Appellant's Brief at 4.

---

[2] 42 Pa.C.S.A. § 9728.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

Before we address the merits of a PCRA petition, however, we must first consider the petition's timeliness. "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." ***Commonwealth v. Flanagan***, 854 A.2d 489, 509 (Pa. 2004) (citation omitted). A petitioner must file a PCRA petition within one year of the date that his judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. ***See*** 42 Pa.C.S.A. § 9545(b)(3).

Instantly, Appellant's judgment of sentence became final on November 20, 2013, thirty days following the imposition of sentence when the time for

filing a direct appeal expired. **See** Pa.R.A.P. 903. Thus, Appellant's petition filed February 21, 2015, is patently untimely. Appellant has not asserted that his petition falls within any of the timeliness exceptions provided in the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). He argues, however, that the lower court should have treated his "Motion to Cease and Desist" filed April 16, 2014, as a timely first PCRA petition and appointed counsel. We disagree, as the claims raised in that Motion are not cognizable under the PCRA.

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). "Pennsylvania Courts have repeatedly held that the PCRA contemplates *only* challenges to the *propriety of a conviction or a sentence.*" **See Commonwealth v. Masker**, 34 A.3d 841, 843 (Pa. Super. 2011) (*en banc*) (string citation omitted; emphasis added).

As discussed previously, Appellant's "Motion to Cease and Desist" sought to enjoin the Department of Corrections from making Act 84 deductions from his prison account. In **Commonwealth v. Danysh**, 833 A.2d 151 (Pa. Super. 2003), a state inmate filed a motion with the court of common pleas apparently under the caption of his original criminal case to stop Act 84 deductions from his inmate account, and the motion was denied on its merits. On appeal, we held that the trial court lacked subject matter jurisdiction because Danysh's claim was, in reality, a *civil action* against an

agency of the Commonwealth, the DOC. Therefore, the Commonwealth court enjoyed exclusive original jurisdiction for such a claim, pursuant to 42 Pa.C.S.A. § 761(a).

Similarly, in **Commonwealth v. Jackson**, 858 A.2d 627 (Pa. Super. 2004) (*en banc*), the defendant was sentenced to a term of imprisonment in a state correctional facility, plus costs and restitution. The DOC began deducting 20% of his earnings from an inmate account. The defendant filed a *pro se* petition to stop the DOC from taking deductions. The trial court denied the petition, finding it did not have jurisdiction to consider the defendant's petition. On appeal, an *en banc* panel of this court applied the rationale in **Danysh** and affirmed the trial court's determination.

Applying the principles of **Danysh** to the instant case, the trial court did not have subject matter jurisdiction over the Act 84 claims raised in Appellant's "Motion to Cease and Desist."[3] Those claims did not challenge Appellant's underlying sentence and, therefore, are not cognizable under the PCRA. **See**, **Masker**, *supra*. Therefore, Appellant's claim that the trial court should have treated his "Motion to Cease and Desist" as a timely first PCRA petition is without merit.

---

[3] Appellant should have sought relief to stop the DOC from withdrawing funds from his inmate account before the Commonwealth Court via a petition for review of governmental action. **See Danysh**, **supra**, at 153-154.

Based on the foregoing, Appellant has failed to establish an applicable exception to the PCRA time bar. Accordingly, neither the lower court nor this Court has jurisdiction to consider Appellant's request for relief.[4] **See** 42 Pa.C.S.A. § 9545(b)(1).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016

---

[4] We note that even had we addressed Appellant's claims, they would not have warranted relief. As discussed, Appellant's challenge to the Act 84 deductions is not cognizable under the PCRA. Appellant's remaining two issues were not included in his PCRA petition. It is well settled that the "[f]ailure to state … a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.R.Crim.P. 902(B); **see also Commonwealth v. Elliott**, 80 A.3d 415, 430 (Pa. 2013).