J-S72022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY EDWARD HEISERMAN, | : | |
| | : | |
| Appellant | : | No. 773 EDA 2017 |

Appeal from the Order February 6, 2017
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s):  CP-39-CR-0004614-2008

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 29, 2017**

Stanley Edward Heiserman ("Heiserman"), *pro se*, appeals from the Order denying his "Motion for Reduction and/or Waiver of Court Costs."  We affirm.

In July 2009, a jury convicted Heiserman of two counts of robbery. The trial court thereafter imposed an aggregate sentence of 35 to 70 years in prison.  Notably to the instant appeal, the trial court also ordered Heiserman to pay court costs.

Following a procedural history that is not relevant to the instant appeal, in June 2011, Heiserman filed a Petition under the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546, which the PCRA court later denied.  This Court affirmed.  **See Commonwealth v. Heiserman**, 60 A.3d 851 (Pa. Super. 2012) (unpublished memorandum).

_____
* Former Justice specially assigned to the Superior Court.

In February 2017, Heiserman filed a *pro se* Motion for Reduction and/or Waiver of Court Costs. Therein, he requested the trial court to reduce or waive the court costs imposed as part of his sentence, asserting that it imposed an undue financial hardship on him for the Department of Corrections (or "DOC") to deduct monies from his personal inmate account to pay toward the outstanding costs.[1] By an Order entered on February 6, 2017, the trial court denied the Act 84 Motion, asserting that the court lacked jurisdiction to address it. **See** Order, 2/6/17, at 1 n.1 (citing, *inter alia*, **Commonwealth v. Danysh**, 833 A.2d 151, 154 (Pa. Super. 2003) (holding that an inmate's Act 84 challenge to the DOC's withdrawal of monies from an inmate account lies within the original jurisdiction of the Commonwealth Court, not the court of common pleas)). Heiserman then timely filed a Notice of Appeal.[2]

Heiserman now presents the following issue for our review: "Did the Commonwealth err in denying [] Heiserman's [Motion for] Reduction and/or

_____

[1] The statute authorizing such deductions, commonly known as Act 84, provides, *inter alia*, that "[t]he county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1)." 42 Pa.C.S.A. § 9728(b)(5); **see also** 42 Pa.C.S.A. § 9721(c.1) (providing for mandatory payment of costs as part of a criminal sentence). Here, as Heiserman's Motion raised a challenge to Act 84 deductions, we will hereinafter refer to it as the "Act 84 Motion."

[2] The trial court did not order Heiserman to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Waiver of Court Costs[?]"  Brief for Appellant at iii (capitalization omitted);

*see also id.* at 1 (arguing that the DOC should be enjoined from making 20% deductions from Heiserman's inmate account to pay his court costs, where the amount of inmate pay for employment in prison is too low and commissary costs are high).

We must address whether the trial court properly determined that it lacked subject matter jurisdiction concerning the Act 84 Motion.  In **Danysh**, **supra**, a state inmate filed an Act 84 motion with the court of common pleas to stop the DOC from deducting 20% of his prison earnings from his inmate account, which the trial court denied on the merits.  **Danysh**, 833 A.2d at 152.  On appeal, this Court held that (1) the trial court lacked subject matter jurisdiction, because the inmate's claim was actually a civil action against a Commonwealth agency, the DOC; and (2) the Commonwealth Court thus had exclusive original jurisdiction for the inmate's claim under 42 Pa.C.S.A. § 761(a)(1) (providing, in relevant part, that "the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings … [a]gainst the Commonwealth government …."). **Danysh**, 833 A.2d at 154; **see also** **Commonwealth v. Jackson**, 858 A.2d 627, 629-30 (Pa. Super. 2004) (*en banc*) (where the defendant/state inmate filed a *pro se* Act 84 petition to stop the DOC from deducting 20% of his earnings from his inmate account to pay for court-ordered costs and restitution, holding that the trial court lacked jurisdiction to consider the petition under the reasoning in **Danysh**).

Instantly, Heiserman's Act 84 Motion requests reduction/cessation of Act 84 deductions from his inmate account.  Accordingly, the Act 84 Motion falls within the original jurisdiction of the Commonwealth Court, and the trial court properly determined that it lacked subject matter jurisdiction.  ***See Danysh***, ***supra***; ***Jackson***, ***supra***.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>12/29/2017</u>