J-S81030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAMON CORDERO | |
| Appellant | No. 1212 MDA 2017 |

Appeal from the Order Entered July 19, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0000810-2016

BEFORE: PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 28, 2018**

Appellant, Ramon Cordero, appeals *pro se* from the July 19, 2017 order entered in the Court of Common Pleas of Lancaster County, denying his Petition to Cease Act 84 Deduction. Following review, we vacate the order because the trial court lacked jurisdiction over Appellant's petition.

On June 8, 2016, Appellant entered a guilty plea to numerous sexual offenses, including rape of a child, indecent sexual intercourse with a child, indecent assault—person under the age of 13, and unlawful contact with a minor. He was sentenced to six to twelve years in prison, plus fines, costs and restitution in the amount of $7,367.85.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pursuant to 42 Pa.C.S.A. § 9782(b)(5) ("Act 84"), the Department of Corrections (the "DOC") began deducting 20% from Appellant's inmate account in order to collect sums owed.[1]  Appellant filed a petition asking the trial court to order the DOC to cease deductions and return the funds collected. The court denied the petition on its merits, noting that Appellant's negotiated guilty plea included not only his prison sentence but also "his agreement to pay fines, costs and restitution."  Trial Court Order, 7/19/17, at 1.  This timely appeal followed.  Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues:

A. The court committed an error of law in dismissing the petition to cease Act 84 deduction, where [Appellant] requested [] a hearing.  [Appellant] was not given the opportunity in accordance with due process to make arguments why the deductions should not be made.

B. The court committed an error of law in dismissing the Petition to Cease Act 84 Deduction, where [Appellant's] money came from his social security, [Appellant] is disable[d] and indigent, in violation of state and federal law.

Appellant's Brief at 4.

Although the trial court denied Appellant's petition on the merits, it correctly recognized in its Rule 1925(a) opinion that "the Commonwealth Court maintains exclusive jurisdiction in all proceedings against an agency of the Commonwealth."  Trial Court Opinion, 8/31/17, at 1.  Therefore, the trial

---

[1] In accordance with 42 Pa.C.S.A. § 9728(b)(5), the DOC is "authorized to make monetary deduction from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation."

court concluded, Appellant's petition as well as the instant appeal to this Court are improper for lack of subject matter jurisdiction. *Id.*

This Court addressed the issue of subject matter jurisdiction in the factually similar case of ***Commonwealth v. Danysh***, 833 A.2d 151 (Pa. Super. 2003). There, the trial court denied an inmate's petition to cease Act 84 deductions from his inmate account, finding the 20% deduction a "reasonable amount." *Id.* at 152. On appeal, we raised the issue of subject matter jurisdiction *sua sponte*, recognizing that the Commonwealth Court has original jurisdiction over various classes of cases, including civil suits against government actors. *Id.* Danysh's action was a civil action "against the Commonwealth government, as DOC falls within the jurisdictional statute's definition of that term." *Id.* at 153 (citation omitted). Therefore, "Danysh should have brought his petition as a petition for review of a governmental determination under the Commonwealth Court's original jurisdiction." *Id.* (citation omitted). "Because Commonwealth Court had exclusive original jurisdiction, the court of common pleas lacked subject matter jurisdiction and its order was void." *Id.* at 154. ***See also Commonwealth v. Jackson***, 858 A.2d 627 (Pa. Super. 2004) (*en banc*) (trial court properly determined it lacked jurisdiction over a prisoner's petition to stop Act 84 deductions).

We agree with the trial court's conclusion that it lacked jurisdiction over Appellant's petition. However, we do not agree with the trial court's

determination that this Court lacks jurisdiction over this appeal. As we recognized in **Danysh**,

> Although the court of common pleas lacked subject matter jurisdiction, we have appellate jurisdiction since this is an appeal from a final order. Our appellate jurisdiction is properly from final orders, *see* Pa.R.A.P. 341(a), and even though the common pleas court lacked jurisdiction, its order was still final because it "dispose[d] of all claims and of all parties." Pa.R.A.P. 341(b)(1).

*Id.* at 152 n.1.

The Commonwealth Court has exclusive original jurisdiction over a petition for review of a governmental determination. **See** 42 Pa.C.S.A. § 761(a). Because the trial court did not have jurisdiction over Appellant's petition, but recognizing we do have jurisdiction over this appeal, we vacate the trial court's July 19, 2017 order.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2018

- 4 -