J-S18018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOBBY P. HAST, | : | |
| | : | |
| Appellant | : | No. 1002 WDA 2017 |

Appeal from the Order Entered May 8, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001561-2013

BEFORE: STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY MUSMANNO, J.: **FILED MAY 9, 2018**

Bobby P. Hast ("Hast") appeals, *pro se*, from the Order denying his "Motion to Defer Payment of Fines, Fees, Costs, and Restitution Until Paroled." Because we conclude that the trial court lacked subject matter jurisdiction, we vacate the Order.

On July 8, 2014, Hast entered a negotiated guilty plea to one count each of robbery, persons not to possess firearms, possession of an instrument of crime, theft by unlawful taking, and resisting arrest; two counts each of aggravated assault, receiving stolen property, and terroristic threats; and five counts of recklessly endangering another person. The trial court sentenced Hast to a term of 7 to 14 years in prison, followed by 5 years of probation. The trial court also directed Hast to pay $2,200.38 in court costs and fees. Hast did not file a direct appeal.

On May 1, 2017, Hast filed the instant *pro se* "Motion to Defer Payment of Fines, Fees, Costs, and Restitution Until Paroled," arguing that the Department of Corrections ("DOC") had been deducting his "limited funds" for the payment of fines, fees, costs, and restitution, and requesting the trial court to enter an order to "prevent the continued interception of financial gifts."[1] On May 8, 2017, the trial court denied Hast's Act 84 Motion, citing section 9728(b)(5). Hast filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[2]

Initially, we must consider whether the trial court had jurisdiction over Hast's Act 84 Motion. **See Commonwealth v. Danysh**, 833 A.2d 151, 152

_____

[1] The statute authorizing such deductions, which is commonly referred to as "Act 84," provides, *inter alia*, that "[t]he county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1)." 42 Pa.C.S.A. § 9728(b)(5). Because Hast's Motion raises a claim pursuant to Act 84, we will hereinafter refer to it as an Act 84 Motion.

[2] Subsequently, in its Pa.R.A.P. 1925(a) Opinion, the trial court stated that Hast's Motion challenges the legality of his sentence, and should be addressed as a petition pursuant to the Post Conviction Relief Act ("PCRA"). **See** Trial Court Opinion, 11/7/17, at 4 (unnumbered). The trial court concluded that Hast's filing was untimely under the PCRA. **See id.** at 5 (unnumbered). We recognize that, in his brief, Hast argues that the trial court failed to conduct a hearing to determine his ability to pay the court costs and fees. Brief for Appellant at 7; **see also Commonwealth v. Boyd**, 73 A.3d 1269, 1270 (Pa. Super. 2013) (*en banc*) (holding that a claim that a sentencing court failed to consider defendant's ability to pay before imposing fines implicates the legality of the sentence). However, Hast did not raise this claim in his Act 84 Motion, and therefore, we decline to treat the Act 84 Motion as a PCRA petition.

(Pa. Super. 2003) (raising, *sua sponte*, the question of subject matter jurisdiction of an Act 84 claim ruled upon by the court of common pleas). The Commonwealth asserts, and we agree, that the trial court lacked subject matter jurisdiction to consider the merits of Hast's Act 84 Motion. **See** Commonwealth's Brief at 5-8.

Hast filed an Act 84 Motion to enjoin the DOC from deducting money deposited into his prison account, which is effectively a civil action against the DOC. **See Danysh**, 833 A.2d at 153 (explaining that a motion seeking to enjoin Act 84 deductions is a civil action instituted against the DOC, as part of the Commonwealth government). Therefore, Hast's Act 84 Motion falls within the exclusive original jurisdiction of the Commonwealth Court. **See** 42 Pa.C.S.A. § 761(a)(1) (providing that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions and proceedings [a]gainst the Commonwealth government…."); **see also Danysh**, 833 A.2d at 152-54. Because the Commonwealth Court has exclusive original jurisdiction over Hast's claim, the trial court lacked subject matter jurisdiction to consider the Act 84 Motion, and its Order is void. **See Danysh**, 833 A.2d at 154.

Accordingly, we vacate the Order of the trial court without prejudice to Hast's right to seek relief in the Commonwealth Court.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/2018