J-S24036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CRUZ-ORTIZ, | : | |
| | : | |
| Appellant | : | No. 1559 MDA 2017 |

Appeal from the Order September 13, 2017
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0001104-2015

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 28, 2018**

David Cruz-Ortiz ("Cruz-Ortiz") appeals from the Order denying his "Application for Leave to Defer Fines and Costs."  Because we conclude that the trial court lacked subject matter jurisdiction, we vacate the Order.

On July 26, 2017, Cruz-Ortiz entered a negotiated guilty plea to receiving stolen property.  The trial court sentenced Cruz-Ortiz, pursuant to the plea agreement, to a term of 1 to 2 years in prison.  The trial court also directed Cruz-Ortiz to pay a $100 fine, plus the costs of proceedings.  Cruz-Ortiz did not file a direct appeal.

On September 11, 2017, Cruz-Ortiz filed the instant *pro se* "Application for Leave to Defer Fines and Costs," arguing that "due to a modification in his current financial situation[, he] is now unable to afford the twenty percent (20%) deductions that are being imposed upon his inmate account," and requesting the trial court to enter an order to "defer his remaining debt of the

applicable fines and costs until his pending minimum date."[1]  On September 13, 2017, the trial court denied Cruz-Ortiz's Act 84 Motion.[2]  Cruz-Ortiz, *pro se*, filed a timely Notice of Appeal.  On October 18, 2017, the trial court issued an Order directing Cruz-Ortiz to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days.  Cruz-Ortiz did not file a concise statement.[3]

Initially, we must consider whether the trial court had jurisdiction over Cruz-Ortiz's Act 84 Motion.  **See Commonwealth v. Danysh**, 833 A.2d 151, 152 (Pa. Super. 2003) (raising, *sua sponte*, the question of subject matter

---

[1] The statute authorizing such deductions, which is commonly referred to as "Act 84," provides, in relevant part, that "[t]he county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1)."  42 Pa.C.S.A. § 9728(b)(5).  Because Cruz-Ortiz's Application raises a claim pursuant to Act 84, we will hereinafter refer to it as an Act 84 Motion.

[2] Although Cruz-Ortiz asserts in his brief that the trial court determined that it did not have subject matter jurisdiction, **see** Brief for Appellant at 8, we note that, from the text of the Order itself, it is unclear whether the trial court denied Cruz-Ortiz's Act 84 Motion based on the merits, or based on a lack of subject matter jurisdiction.

[3] On December 19, 2017, the trial court issued a Memorandum Statement finding that Cruz-Ortiz waived his claims by failing to file a court-ordered Rule 1925(b) concise statement.  Memorandum Statement, 12/19/17, at 1 (unnumbered).  However, we additionally note that, although Cruz-Ortiz filed a *pro se* Act 84 Motion and a *pro se* Notice of Appeal, he was represented by counsel at his guilty plea hearing, and is represented by the same counsel in the instant appeal.  It is unclear from the record whether counsel ever withdrew from representation.  Thus, in light of our disposition, we will overlook Cruz-Ortiz's failure to file a concise statement.

jurisdiction of an Act 84 claim ruled upon by the court of common pleas). Cruz-Ortiz filed an Act 84 Motion to enjoin the Department of Corrections ("DOC") from deducting money from his prison account, which is effectively a civil action against the DOC. *See Danysh*, 833 A.2d at 153 (explaining that a motion seeking to enjoin Act 84 deductions is a civil action instituted against the DOC, as part of the Commonwealth government). Therefore, Cruz-Ortiz's Act 84 Motion falls within the exclusive original jurisdiction of the Commonwealth Court. *See* 42 Pa.C.S.A. § 761(a)(1) (providing that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions and proceedings [a]gainst the Commonwealth government…."); *see also Danysh*, 833 A.2d at 152-54; *Commonwealth v. Jackson*, 858 A.2d 627, 629-30 (Pa. Super. 2004) (*en banc*) (holding that, under the reasoning in *Danysh*, the trial court lacked jurisdiction to consider defendant's *pro se* Act 84 petition to stop the DOC from deducting 20% of his earnings from his inmate account to pay for court-ordered costs and restitution). Because the Commonwealth Court has exclusive original jurisdiction over Cruz-Ortiz's claim, the trial court lacked subject matter jurisdiction to consider the Act 84

Motion, and its Order is void.  *See Danysh*, 833 A.2d at 154.[4]

Accordingly, we vacate the Order of the trial court without prejudice to Cruz-Ortiz's right to seek relief in the Commonwealth Court.

Order vacated.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2018

_____

[4] Cruz-Ortiz argues that the trial court had subject matter jurisdiction over his Act 84 Motion based on 42 Pa.C.S.A. § 9730(b)(3).  *See* Brief for Appellant at 7-8. Section 9730(b) of the Sentencing Code sets forth the procedures for when a defendant defaults in his payment of a fine, court costs, or restitution. *See* 42 Pa.C.S.A. § 9730(b).  Subsection 9730(b)(1) allows the court to "conduct a hearing to determine whether the defendant is financially able to pay." *Id.* § 9730(b)(1).  If the court "determines that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance," the court may establish a payment plan, with consideration given to "the defendant's financial resources, the defendant's ability to make restitution and reparations and the nature of the burden the payment will impose…." *Id.* § 9730(b)(3); *see also id.* (providing for a rehearing if the defendant defaults on the payment plan, or if default is imminent).  However, the Commonwealth Court has instructed that "Section 9730 … applies only when the defendant's sentence prescribes financial obligations **without confinement**, which is not the case here." *Dep't of Corr. v. Tate*, 133 A.3d 350, 356 (Pa. Cmwlth. 2016) (emphasis added).  Thus, section 9730(b) is not applicable to the instant case.