J. S18042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEONTAE ALLEN McDOWELL, | : | No. 1823 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order, September 6, 2017,
in the Court of Common Pleas of Beaver County
Criminal Division at Nos. CP-04-CR-0000870-2015,
CP-04-CR-0000874-2015

BEFORE:  STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED JULY 23, 2018**

Deontae Allen McDowell appeals *pro se* from the September 6, 2017 order denying his application for leave to defer fines and costs on the basis it lacked jurisdiction to grant appellant the relief he requested.  After careful review, we affirm.[1]

The trial court summarized the relevant facts and procedural history of this case as follows:

> On June 24, 2016, pursuant to a plea agreement, [appellant] entered a guilty plea in Case No. 870 of 2015 to one count of Persons Not to Possess a Firearm under 18 Pa.C.S.A. § 6105(a)(1), and a guilty plea in Case No. 874 of 2015 to another count of Persons Not to Possess a Firearm under 18 Pa.C.S.A. § 6105(a)(1).  The [c]ourt accepted [appellant's] plea and imposed in each case a

---

[1] The Commonwealth has not filed a brief in this matter.

sentence of five years to ten years in a state correctional facility. The sentences were within the standard range and were run concurrently. [Appellant was also ordered to pay fines and costs in the amount of $1,563.50. (*See* notes of testimony, 6/24/16 at 38-40; application for leave to defer fines and costs, 9/5/17 at 1.[2]] On September 5, 2017, [appellant] filed an Application for Leave to Defer Fines and Costs. In his Application, [appellant] asked the [c]ourt to "issue an order stating that the twenty percent (20%) deductions cease and the remainder of the debt owed be deferred until [appellant's] pending minimum sentence . . . [.]" On September 6, 2017, [t]he [c]ourt entered an Order denying [appellant's] Application on the basis that it did not have jurisdiction to grant the relief requested.

On October 13, 2017, [appellant] filed with the Commonwealth Court of Pennsylvania an Application for Leave to Proceed in *Forma Pauperis* and a Petition for Review. According to the stamp on the envelope, these documents were mailed on October 3, 2017. On November 8, 2017, the Commonwealth Court mailed [appellant's] documents to the Beaver County Clerk of Courts, stating that it appears to be an attempt by [appellant] to file a notice of appeal, and directing the [c]ourt to process the document in accordance with Pa. R.A.P. 905 (regarding filing of a notice of appeal). These documents were received and time-stamped by the Beaver County Clerk of Courts on November 13, 2017. The [c]ourt entered an Order on December 4, 2017, directing that [appellant's] Petition for Review be treated as a Notice of Appeal, and that it be treated as having been filed on October 13, 2017 in accordance with Pa.R.A.P. 905(a)(4).

---

[2] Pursuant to 42 Pa.C.S.A. § 9782(b)(5) ("Act 84"), the Department of Corrections ("DOC") is "authorized to make monetary deduction from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation."

- 2 -

Trial court opinion, 12/5/17 at 1-2.

Preliminarily, we note that appellant's *pro se* appeal was stamped as filed by the Commonwealth Court on October 13, 2017, in excess of the 30-day appeal period from the trial court's September 6, 2017 order, and thus appears untimely on its face. *See* Pa.R.A.P. 903(a) (stating, a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, where a *pro se* appellant is incarcerated, as is the case here, the prisoner mailbox rule applies and an appeal is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox. *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012). Instantly, the post-mark on the envelope that accompanied appellant's notice of appeal indicates that it was deposited with prison authorities on October 3, 2017, before the 30-day appeal period expired. Accordingly, we deem the instant appeal to be timely.[3]

Appellant raises the following issues for our review:

> [1.] Did the Court of Common Pleas of Beaver County violate [appellant's] constitutional right to Due Process when it failed to take subject matter jurisdiction over the Motion for Deferment?

---

[3] We note that the trial court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On December 5, 2017, the trial court filed its Rule 1925(a) opinion.

> [2.] Is [appellant] eligible for a Deferment of Fines and Costs incurred by Act 84, 42 Pa.C.S.A. § 9728 et seq. (Act 1998-84 (S.B. 640), P.L. 640 § 4, approved June 18 1998, eff. in 120 days) by the Court of Common Pleas when it states it lacks subject matter jurisdiction?

Appellant's brief at 4 (emphasis omitted).

Here, the trial court held that it lacked jurisdiction to order the DOC to cease its 20% deduction from appellant's inmate account because appellant failed to challenge his underlying sentence. The trial court reasoned as follows:

> A review of [appellant's] Application for Leave to Defer Fines and Costs clearly shows that [appellant] made no claims whatsoever regarding modification of his Sentence Order, or the validity of his sentence. Rather, he merely claimed that he was unable to afford the [DOC] twenty percent deductions from his inmate account, claimed a right to deferment, and requested the Court to order the [DOC] to cease its deductions until the completion of his minimum sentence. . . . Because the claim [appellant] addressed to this Court was, in truth, a civil action against the [DOC], an agency of the Commonwealth, this Court does not have jurisdiction to consider the claim, and [appellant's] Application was properly denied.

Trial court opinion, 12/5/17 at 4-5 (footnote omitted).

Upon review, we agree with the trial court's conclusions. This court addressed a similar matter in **Commonwealth v. Danysh**, 833 A.2d 151 (Pa.Super. 2003). **Danysh** involved a situation where the Court of Common Pleas of Susquehanna County denied an inmate's petition to cease Act 84 deductions from his inmate account, after concluding that the

20% deduction constituted a "reasonable amount." *Danysh*, 833 A.2d at 152. On appeal, the *Danysh* court raised the issue of subject matter jurisdiction *sua sponte*, recognizing that the Commonwealth Court has original jurisdiction over various classes of cases, including civil suits against government actors. *Id.* The *Danysh* court concluded that the inmate's action was a civil action "against the Commonwealth government, as [the] DOC falls within the jurisdictional statute's definition of that term[,]" and the inmate "should have brought his petition as a petition for review of a governmental determination under the Commonwealth Court's original jurisdiction." *Id.* at 153-154, citing 42 Pa.C.S.A. § 761(a)(1) (providing, in relevant part, that "the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government . . . ."). Therefore, the court of common pleas lacked subject matter jurisdiction. *Id.* at 154.[4]

Based on the foregoing, we discern no error on the part of the trial court in denying appellant's application for leave to defer fines and costs for lack of jurisdiction.[5] *See also Commonwealth v. Jackson*, 858 A.2d 627,

---

[4] This court did note, however, that the trial court would have had jurisdiction if the defendant were incarcerated in the county jail as opposed to a state correctional institution. *Danysh*, 833 A.2d at 154. Here, appellant is incarcerated at S.C.I. Rockview.

[5] In *Danysh*, we explained that "[a]lthough the court of common pleas lacked subject matter jurisdiction, we have appellate jurisdiction since this is an appeal from a final order." *Danysh*, 833 A.2d at 152 n.1. The same is true in the instant matter.

629-630 (Pa.Super. 2004) (*en banc*) (concluding that the trial court properly determined that it lacked jurisdiction over an inmate's *pro se* petition to stop the DOC from deducting 20% of his earnings from his inmate account to pay for court-ordered costs and restitution). Accordingly, we affirm the September 6, 2017 order of the trial court denying appellant's application because it lacked jurisdiction to address it, without prejudice to seek relief from the Commonwealth Court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/23/2018