J-S43036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID EUGENE FERRARA | : | |
| | : | |
| Appellant | : | No. 186 WDA 2018 |

Appeal from the Order January 2, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000278-2002,
CP-33-CR-0000279-2002, CP-33-CR-0000486-2005,
CP-33-CR-0000493-1999, CP-33-CR-0000570-2000

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED SEPTEMBER 18, 2018**

Pro se Appellant David Eugene Ferrara appeals from the order denying

his "Nunc Pro Tunc, Motion to 'Estoppel By Judgment' to Return All Monies

Collected By, Clerk of Court."  Appellant challenges the trial court's imposition

of fines, costs, and restitution.  We affirm.

We briefly state the following as background:

This case arises from incidents that occurred over ten years ago.
While Appellant initially pled nolo contendere in 2002 to three
counts of incest and guilty to one count of indecent assault, he
petitioned to withdraw his plea, but the court denied his petition.
This Court reversed his judgment of sentence and in 2004, after
the reinstatement of the charges against him, Appellant again
entered the same plea.  He subsequently pursued a direct appeal
with this Court and we affirmed his judgment of sentence.

***Commonwealth v. Ferrara***, 1094 WDA 2016, at 1-2 (Pa. Super. June 8, 2017) (unpublished memo.). Appellant has filed numerous unsuccessful PCRA petitions and various other motions.

In relevant part, on February 11, 2017, Appellant filed a motion to compel the clerk of court and Pennsylvania Department of Corrections to refund money he contended was improperly deducted from his inmate account. Appellant's Mot. to Compel, 2/11/17, at 1. The essence of his twenty-four page motion was that the court improperly or illegally imposed fines, costs, and restitution. ***Id.*** On February 22, 2017, the trial court dismissed Appellant's motion to the extent original jurisdiction was with the Commonwealth Court and denied the remainder of the motion. Order, 2/22/17. Appellant did not appeal.

On December 29, 2017, the trial court docketed the underlying motion on appeal. Substantially similar to Appellant's February 11, 2017 motion, the gist of his December 29, 2017 motion was that the trial court did not appropriately impose fines, costs, or restitution. Mot., 12/29/17, at 1. Appellant reiterates the bases he raised in his prior motion, including that the court failed to (1) explicitly order the fines, costs, or restitution at the time of his sentencing hearing; (2) specify a monetary amount; and (3) ascertain his ability to pay the imposed amounts. ***See id.*** at 3-5. On January 2, 2018, the trial court denied the motion, reasoning that only the Commonwealth Court

had jurisdiction.  Order, 1/2/18 (citing **Commonwealth v. Danysh**, 833 A.2d

151 (Pa. Super. 2003)).

Appellant filed a petition to continue leave to file *in forma pauperis*,

which claimed the court had previously granted Appellant *in forma pauperis*

status on March 23, 2016, and August 7, 2017.  Appellant's Pet. to Continue

Leave to File *In Forma Pauperis*, 1/20/18, at 1.  The court granted the petition

on January 31, 2018.

Appellant timely appealed only from the trial court's January 2, 2018

order and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.  Appellant

raises five issues on appeal:

> 1. Is the final court (resentencing orders), April 12, 2004, on case docket nos. CR-493-1999, CR-570-2000, CR-278-2002, CR-279-2002, illegal, charging petitioner, in error, fines, court cost and restitution, without having a hearing, within thirty (30) days of sentencing order, to find if he had the ability to pay costs and fines?
>
> 2. Did the trial court (Jefferson County) as a matter of law, (erred) by not holding a hearing on [Appellant's] ability to pay fines, court cost, sheriff's transportation costs, or restitution, prior to entering an order at sentencing for collection of said court costs?
>
> 3. Did the clerk of court . . . Jefferson County, erred when she sua sponte added additional cost, on or about December 5th 2017, sent to accounting officer . . . according to DC-ADM-005, dated December 7th 2017, SCI-Mahanoy, in the amount of $484.00 that is erroneous, from September 14th 2016 DC-ADM-005 on the same docket no. CR-493-1999, after sentencing; to be collected from inmate's account, without a hearing, and new court order issued by a judge, that violates due process of law?
>
> 4. Can the Department of Corrections, as an administrative agency, be given authority to deduct monies from inmate account without authorization by the inmate or a court order?

5. Did the court (Jefferson County) commit harmful error after granting "in forma pauperis" (i.e. cases in caption) to "petitioner" multiple times, and then (sua sponte) without any hearing, is seeking withdrawal of "monies" out of inmate account, at Department of Corrections, at present, SCI-Mahanoy, by clerk of court . . . (Jefferson County) to recover, court cost, fines and restitution, when financial ability, of petitioner, hasn't changed, since granting, "in forma pauperis" throughout the years of prison, (10 years at present), and without a "hearing" or new "court order", by a judge?

Pa.R.A.P. 1925(b) Statement, 2/14/18, at 1-2 (some citations and capitalization omitted) (issues reordered to facilitate disposition).

We need not summarize Appellant's arguments for his first three issues, as we explain below.

> The law of the case doctrine expresses the practice of courts generally to refuse to reopen what has been decided. The doctrine is composed of a collection of rules that not only promote the goal of judicial economy but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

> The Supreme Court of Pennsylvania has embraced this doctrine most specifically with respect to adherence to prior decisions in the same case by a higher court or by another judge of coordinate jurisdiction. But . . . the considerations that underlie the doctrine also strongly weigh in favor of adherence by a trial judge to a decision by that same judge earlier in the case:

> Law of the case doctrine saves both litigants and the courts from duplications of effort. If permitted to argue and brief the same issue repeatedly during the course of the same litigation, some litigants would be indefatigable in their efforts to persuade or to wear down a given judge in order to procure a favorable ruling. . . .

> . . . Once a matter has been decided by a trial judge the decision should remain undisturbed, unless the order is appealable and an appeal therefrom is successfully prosecuted. As a general proposition, a court should not revisit questions it has already decided.

*Bienert v. Bienert*, 168 A.3d 248, 254-55 (Pa. Super. 2017) (citations, quotation marks, and brackets omitted); *Commonwealth v. Gacobano*, 65 A.3d 416, 419-20 (Pa. Super. 2013) (applying "law of the case" doctrine to preclude appellate review of issue raised in current PCRA petition that was previously raised in prior PCRA petition and resolved with finality). We may affirm on any basis. *Commonwealth v. Bethea*, 185 A.3d 364, 373 (Pa. Super. 2018).

Here, in his December 29, 2017 motion, Appellant is raising issues identical to those presented in his prior February 11, 2017 motion. The trial court had denied Appellant's February motion, and he did not appeal. Appellant cannot now—similar to the defendant in *Gacobano*—re-raise the issues previously ruled on by the trial court, particularly given his failure to appeal from that prior order. *See Bienert*, 168 A.3d at 254-55; *Gacobano*, 65 A.3d at 419-20. Accordingly, Appellant is not entitled to re-litigate his first three issues and we therefore affirm, albeit on different grounds. *See Bethea*, 185 A.3d at 373.[1]

_____

[1] To the extent Appellant properly challenged the legality of his sentences, we also conclude Appellant failed to plead and prove any timeliness exception to the Post Conviction Relief Act's time bar. *See* 42 Pa.C.S. § 9543; *see, e.g.*,

Appellant's fourth issue challenges whether the Pennsylvania Department of Corrections has authority to deduct money from his inmate account. The trial court correctly held that it lacked jurisdiction. *See Danysh*, 833 A.2d at153 (vacating trial court's order denying, on the merits, motion to prevent the Department of Corrections from withdrawing money from his inmate account because the claim was solely within the Commonwealth Court's original jurisdiction).

Lastly, Appellant challenges the court's January 31, 2018 order granting him *in forma pauperis* status.[2] Appellant, however, did not file a notice of appeal from that order. Therefore, we cannot address his last issue.[3] For these reasons, we affirm the trial court's January 2, 2018 order.

Order affirmed.

_____

*Commonwealth v. Guthrie*, 749 A.2d 502, 504 (Pa. Super. 2000) (holding motion to correct illegal sentence was properly construed as PCRA petition, but it was untimely filed).

[2] We acknowledge Appellant's apparent challenge to prior orders granting him *in forma pauperis* status. The thirty-day period to file an appeal from those prior orders, however, has long passed. *See generally* Pa.R.A.P. 903(a).

[3] Regardless, to the extent Appellant's last issue is duplicative of his other claims on appeal, we would affirm based on our reasoning herein.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/18/2018