J-S05044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER LEE GESSNER, | : | |
| | : | |
| Appellant | : | No. 1158 MDA 2019 |

Appeal from the Order Entered June 20, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003249-2011,
CP-22-CR-0005329-2014

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 10, 2020**

Christopher Lee Gessner ("Gessner") appeals, *pro se*, from the Order denying in part and granting in part his "*Pro Se* Correspondence." Because we conclude that the trial court lacked subject matter jurisdiction, we vacate the Order.

On August 19, 2015, a jury found Gessner guilty of criminal attempt—homicide, aggravated assault, two counts of arson, recklessly endangering another person, cruelty to animals, and criminal solicitation to commit murder. Gessner was initially sentenced on October 14, 2015, to an aggregate term of 28 to 56 years in prison, followed by 2 years of probation. The trial court also directed Gessner to pay $275.00 in fines, $500.00 in restitution, $2,622.47 to the Crime Victim's Compensation Board, plus the cost of proceedings. This Court affirmed Gessner's judgment of sentence. ***See Commonwealth v. Gessner***, 161 A.3d 387 (Pa. Super. 2017) (unpublished memorandum).

Following a procedural history not relevant to the instant appeal, on January 18, 2019, Gessner filed a *pro se* "Petition for Relief," requesting that "a cease and desist order [be sent] to SCI Coal [T]ownship records/accounting department" to stop the 20% deductions and the $10.00 a month fee from being imposed upon his inmate account.[1]  On January 18, 2019, the trial court denied Gessner's Act 84 Motion.

On June 12, 2019, Gessner filed his *Pro Se* Correspondence requesting "a copy of the president Judge's administrative order, which authorizes/directs the PA. [DOC] to make monetary deductions from me[,] Christopher L[.] Gessner[,] during incarceration[,]" as well as a "copy of the written sentencing orders."  On June 20, 2019, the trial court denied in part, and granted in part, Gessner's *Pro Se* Correspondence, indicating that the DOC is permitted to make monetary deductions from his account pursuant to Act 84.  On July 10,

---

[1] The statute authorizing such deductions, which is commonly referred to as "Act 84," authorizes the county correctional facility or the Department of Corrections ("DOC") to deduct monies from inmate prison accounts as payment towards outstanding court costs and restitution.  **See** 42 Pa.C.S.A. § 9728(b)(5); **Commonwealth v. Jackson**, 858 A.2d 627, 628 n.1 (Pa. Super. 2004)(*en banc*).  Because Gessner's Petition raises a claim pursuant to Act 84, we will hereinafter refer to it as an "Act 84 Motion."

2019, Gessner filed a single Notice of Appeal.[2, 3]  Gessner filed a court—ordered Concise Statement of Errors Complained of on Appeal on August 21, 2019.

Initially, we must consider whether the trial court had jurisdiction over Gessner's Act 84 Motion and subsequent *Pro Se* Correspondence.  **See Commonwealth v. Danysh**, 833 A.2d 151, 152 (Pa. Super. 2003) (raising, *sua sponte*, the question of subject matter jurisdiction of an Act 84 claim ruled

_____

[2] The instant case contains two trial court docket numbers.  In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Supreme Court of Pennsylvania held, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."  **Walker**, 185 A.3d at 971.  Further, "in future cases [Pa.R.A.P.] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The failure to do so will result in quashal of the appeal."  **Id.** at 977 (footnote omitted).

Since Gessner's appeal was filed after **Walker** was decided, Gessner was directed to show cause why his appeal should not be quashed in light of **Walker**.  Gessner filed a Response on November 21, 2019.  Gessner, in his Response, argued that his appeal should not be quashed because he was tried on both docket numbers on the same day.  **See** Response to Rule to Show Cause Why Appeal Should Not Be Quashed, 11/21/2019, at 8.  In light of our disposition, we decline to address this argument and further decline to engage in this analysis.

[3] Gessner argues that he never received the January 18, 2019 Order denying his Act 84 Motion and, thus, he challenges the "modified" Order dated June 20, 2019.  Additionally, Gessner argues that the trial court lacked subject matter jurisdiction to modify the Order denying his Act 84 Motion.  Subsequently, in its Pa.R.A.P. 1925(a) Opinion, the trial court stated that Gessner challenges its subject matter jurisdiction under 42 Pa.C.S.A. § 5505 and Pa.R.A.P. 1701(b)(3).  The trial court concluded that it did not violate either statute because it did not modify an order, but merely sent Gessner a copy at his request.  **See** Trial Court Opinion, 8/29/2019, at 6-7.  However, in light of our disposition, we decline to engage in this analysis.

upon by the court of common pleas). The Commonwealth asserts that the trial court lacked subject matter jurisdiction to consider the merits of Gessner's Act 84 Motion. **See** Commonwealth's Brief at 4.

Gessner filed an Act 84 Motion to enjoin the DOC from deducting money from his prison account, which is effectively a civil action against the DOC. **See Danysh**, 833 A.2d at 153 (explaining that a motion seeking to enjoin Act 84 deductions is a civil action instituted against the DOC, as part of the Commonwealth government). Therefore, Gessner's Act 84 Motion, and his subsequent *Pro Se* Correspondence concerning the Act 84 Motion, fall within the exclusive original jurisdiction of the Commonwealth Court. **See** 42 Pa.C.S.A. § 761(a)(1) (providing that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions and proceedings [a]gainst the Commonwealth government…."); **see also Danysh**, 833 A.2d at 152-54; **Jackson**, 858 A.2d at 629-30 (holding that, under the reasoning in **Danysh**, the trial court lacked jurisdiction to consider defendant's *pro se* Act 84 petition to stop the DOC from deducting 20% of his earnings from his inmate account to pay for court-ordered costs and restitution). Because the Commonwealth Court has exclusive jurisdiction over Gessner's claim, the trial court lacked subject matter jurisdiction to consider the Act 84 Motion and *Pro Se* Correspondence, and its Order is void. **See Danysh**, 833 A.2d at 154.

Accordingly, we vacate the Order of the trial court, without prejudice to Gessner's right to seek relief in the Commonwealth Court.

Order vacated. Jurisdiction relinquished.

Judge Kunselman joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/10/2020