J-S13040-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA A. GREENAWALT, | : | |
| | : | |
| Appellant | : | No. 1489 WDA 2017 |

Appeal from the Order September 28, 2017
in the Court of Common Pleas of Clarion County
Criminal Division at No(s):  CP-16-CR-0000380-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA A. GREENAWALT, | : | |
| | : | |
| Appellant | : | No. 1490 WDA 2017 |

Appeal from the Order August 29, 2017
in the Court of Common Pleas of Clarion County,
Criminal Division at No(s):  CP-16-CR-0000014-2014,
CP-16-CR-0000380-2013, CP-16-CR-0000381-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED JUNE 15, 2018

Joshua A. Greenawalt ("Greenawalt"), pro se, appeals from the Order denying his Motion for Reconsideration of Sentence Nunc Pro Tunc. Greenawalt also appeals the Order denying the "Motion to Stop 20% Deduction and Return of Money pursuant to 24 Pa.C.S.A. [§] 8127" ("Act 84

Motion").[1]   We affirm the denial of Greenawalt's Motion for Reconsideration of Sentence at 1489 WDA 2017, and quash the appeal from the Order denying Greenawalt's Act 84 Motion.

At 380-2013, Greenawalt pled guilty to possession of a firearm prohibited.  At 381-2013, Greenawalt pled guilty to burglary.  On December 18, 2013, the trial court sentenced Greenawalt to an aggregate term of seven to fourteen years in prison.  Greenawalt did not file a direct appeal. Thereafter, at 14-2014, Greenawalt pled guilty to weapons or implements for escape.  On January 17, 2014, the trial court imposed a prison sentence of thirty to sixty months, to run concurrent to the sentences at 380-2013 and 381-2013.  Greenawalt did not file a direct appeal.

On April 17, 2014, at 380-2013 and 381-2013, Greenawalt, pro se, filed his first Petition pursuant to the Post Conviction Relief Act ("PCRA").[2]  The PCRA court appointed Greenawalt counsel, who subsequently filed a Turner/Finley[3] "no-merit" letter and a Motion to Withdraw as Counsel.  The PCRA court permitted counsel to withdraw and entered a Pa.R.Crim.P. 907 Notice.  Thereafter, the PCRA court dismissed Greenawalt's PCRA Petition.

_____

[1] This Court consolidated Greenawalt's appeals.

[2] See 42 Pa.C.S.A. §§ 9541-9546.

[3] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

- 2 -

On August 29, 2017, at 380-2013, 381-2013, and 14-2014, Greenawalt filed the Act 84 Motion, arguing that the Pennsylvania Department of Corrections ("DOC") has been unlawfully deducting money from his personal account.[4]  The Motion was denied that same day.  Greenawalt filed a Motion for Reconsideration, which was denied on September 28, 2017.  On October 12, 2017, Greenawalt filed a Notice of Appeal.

On September 25, 2017, at 380-2013, Greenawalt filed a Motion for Reconsideration of Sentence Nunc Pro Tunc, arguing that his sentence should have merged with his sentence arising out of a theft by unlawful taking conviction in Butler County.  On September 28, 2017, the Motion was denied. Greenawalt filed a Notice of Appeal.

On appeal, Greenawalt raises the following questions for our review:

1) Has the [DOC] and Clarion County courts deducted Act 84 [sic] from [Greenawalt's] friends and family unconstitutionally?

2) Has [Greenawalt] been denied due process by the Clarion County courts and [DOC] for not having a hearing to establish [Greenawalt's] ability to pay these fines at this time?

3) Was [Greenawalt] unlawfully charged with the firearms recovered in Clarion County, but stolen in Butler County?

_____

[4] The statute authorizing deductions from an inmate's personal accounts, which is commonly referred to as "Act 84," provides, inter alia, that "[t]he county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1)."  42 Pa.C.S.A. § 9728(b)(5).

4) Was [Greenawalt] prejudice[d] by counsel[,] who refused to accept the original plea of 5 to 10 years in Clarion County for all charges, including the guns from Butler County?

5) In the Exhibits A, B, and C, was [Greenawalt] prejudiced by police in Clarion County for charging [Greenawalt] in Clarion County with guns knowingly stolen from Butler County?

Brief for Appellant at 4 (unnumbered).

Initially, we must determine whether Greenawalt's appeal from the denial of his Act 84 Motion was timely filed. See Commonwealth v. Crawford, 17 A.3d 1279, 1281 (Pa. Super. 2011) (noting that the timeliness of an appeal implicates this Court's jurisdiction and may be raised sua sponte). It is well-settled that an appeal must be "filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This period may be tolled if the trial court expressly grants a motion for reconsideration within the 30-day period. Pa.R.A.P. 1701(b)(3). However, the mere filing of a motion for reconsideration does not toll the appeal period. Commonwealth v. Moir, 766 A.2d 1253, 1254 (Pa. Super. 2000); see also Pa.R.A.P. 1701, cmt. (noting that the proper procedure for a party seeking reconsideration would be to file simultaneous notice of appeal to preserve appellate rights in case the trial court fails to grant reconsideration). Moreover, "an appeal from an order denying reconsideration is improper and untimely." Moir, 766 A.2d at 1254 (citation omitted).

Here, the Order denying the Act 84 Motion was entered on August 29, 2017. Greenawalt filed a Motion for Reconsideration, but did not file a

protective notice of appeal simultaneously. After the trial court denied reconsideration, Greenawalt filed a Notice of Appeal, which was patently untimely. See id. Thus, we are constrained to quash Greenawalt's appeal on these grounds.[5]

With regard to Greenawalt's Motion for Reconsideration of Sentence Nunc Pro Tunc, we note that this Motion should have been treated as a PCRA Petition. It is well-settled that any petition or motion filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the PCRA. See Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa. Super. 2011). Indeed, the PCRA is the sole means of obtaining collateral relief, and subsumes all other remedies where the PCRA provides a remedy for the claim. See 42 Pa.C.S.A. § 9542 (providing that a PCRA petition is the "sole means

_____

[5] In any event, we note that the trial court did not have jurisdiction over Greenawalt's Act 84 Motion. See Commonwealth v. Danysh, 833 A.2d 151, 152 (Pa. Super. 2003) (raising, sua sponte, the question of subject matter jurisdiction of an Act 84 claim ruled upon by the court of common pleas). Greenawalt filed an Act 84 Motion to enjoin the DOC from deducting money from his prison account, which is effectively a civil action against the DOC. See Danysh, 833 A.2d at 153 (explaining that a motion seeking to enjoin Act 84 deductions is a civil action instituted against the DOC, as part of the Commonwealth government). Therefore, Greenawalt's Act 84 Motion falls within the exclusive original jurisdiction of the Commonwealth Court. See 42 Pa.C.S.A. § 761(a)(1) (providing that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions and proceedings [a]gainst the Commonwealth government...."); see also Danysh, 833 A.2d at 152-54. Because the Commonwealth Court has exclusive original jurisdiction over Greenawalt's claim, the trial court lacked subject matter jurisdiction to consider the Act 84 Motion, and its Order should be considered void. See Danysh, 833 A.2d at 154. Accordingly, Greenawalt has the right to seek relief in the Commonwealth Court without prejudice.

of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when it takes effect, including habeas corpus and coram nobis."). In his Motion, Greenawalt challenges the legality of his sentence, arguing that his sentences should have merged. See Commonwealth v. Beck, 848 A.2d 987, 989 (Pa. Super. 2004) (stating that "[i]ssues concerning the legality of sentence are cognizable under the PCRA."); see also Commonwealth v. Guthrie, 749 A.2d 502, 503 (Pa. Super. 2000) (noting that "since a motion to modify sentence must be filed within ten days of the imposition of sentence, and a direct appeal from judgment of sentence must be filed within thirty days, the PCRA is the only vehicle for addressing legality of sentence beyond those time limits."). Because Greenawalt filed his Motion after his judgment of sentence became final, and the PCRA provides a remedy for his claims, the Motion should have been treated as a PCRA Petition.

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may

not address the merits of the issues raised if the PCRA petition was not timely filed. See Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

Greenawalt's sentence at 380-2013 became final in January 2014, after the time to file a direct appeal expired. See Pa.R.A.P. 903(a). Because Greenawalt filed the instant PCRA Petition in September 2017, his Petition is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." Id. § 9545(b)(2); Albrecht, 994 A.2d at 1094.

Here, Greenawalt did not plead or prove any exception to the PCRA's timeliness requirement in his Petition. Thus, because Greenawalt did not invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claims on appeal.[6]

At 1489 WDA 2017, Order affirmed. At 1490 WDA 2017, Appeal quashed.

_____

[6] It is well-noted that this Court may affirm on any basis. See Commonwealth v. Wilcox, 174 A.3d 670, 674 n.4 (Pa. Super. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2018